UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNIVERSAL FIRE & CASUALTY
INSURANCE COMPANY,
          Plaintiff,

v.                                                     Case No. 8:24-cv-00682-WFJ-NHA

18 WHEEL FUNDING LLC, *et al.*,
          Defendants.

_____/

## REPORT AND RECOMMENDATION

I respectfully recommend that Universal Fire's Renewed Motion for Discharge (Doc. 617) be granted to the extent that (1) Universal Fire be discharged from this case, and (2) all claimants who have appeared in this action or against whom default was entered in this action be enjoined from bringing any other proceeding affecting, or determining rights to, the disputed funds at issue in this action.

### I.    Background

On March 15, 2024, Plaintiff Universal Fire & Casualty Insurance Company filed this interpleader action against potential claimants (the "Defendants") to a $75,000 "Broker's or Freight Forwarder's Surety Bond" (the "Bond") that it issued to Tobico Transportation, LLP.  Compl. (Doc. 1). Plaintiff amended its Complaint to add and substitute parties on October 22, 2024 (Doc. 129), and again on November 25, 2024 (Doc. 134). Plaintiff filed a Third

Amended Complaint (the operative complaint), which added parties, on April 23, 2025 (Doc. 351).

The Court considered—and granted in part—fifteen motions for entry of Clerk's default. Docs. 498, 499, 507, 508, 515, 517, 523, 528, 546, 548, 553, 562, 576, 580, 598. Universal Fire then moved for final default judgment against the defaulted parties, which the Court granted. Docs. 601, 607.

Universal Fire moved on February 24, 2026, for disbursement of interpleaded funds. Doc. 613. But that motion was premature, because it preceded any motion for an order of discharge. Doc. 614. As the Court explained,

> An interpleader action has two steps: first, "the court determines whether interpleader is proper and 'whether to discharge the stakeholder from further liability to the claimants,'" and second, "the court evaluates 'the respective rights of the claimants to the interpleaded funds.'" *Ohio Nat'l Life Assurance Corp. v. Langkau ex rel. Estate of Langkau*, 353 Fed. App'x 244, 248 (11th Cir. 2009). Here, the Court has not yet made any finding that interpleader is proper as to the remaining (non-defaulting) defendants.

Doc. 614.

On March 19, 2026, Universal Fire filed a renewed motion for discharge. Doc. 617. In the motion, Universal Fire requests the Court (1) enjoin Defendants from making claims to the Bond, (2) discharge Universal Fire from further liability relating to the Bond, and (3) award further relief to which Universal Fire is "entitled to in law or equity." Doc. 617.

## II.    <u>Analysis</u>

Interpleader allows a disinterested stakeholder holding a single fund to avoid multiple liability by requiring competing claimants to litigate their rights in a single action. *Ohio Nat. Life Assur. Corp. v. Langkau ex rel. Est. of Langkau*, 353 Fed. Appx. 244, 248 (11th Cir. 2009) (quoting *In re Mandalay Shores Co-op. Hous. Ass'n, Inc.*, 21 F.3d 380 (11th Cir. 1994)). An interpleader action has two steps: first, "the court determines whether interpleader is proper and 'whether to discharge the stakeholder from further liability to the claimants,'" and second, "the court evaluates 'the respective rights of the claimants to the interpleaded funds.'" *Langkau*, 353 Fed. App'x at 248.

At the first step, a court must determine whether the requirements for an interpleader action have been met. *Orseck, P.A. v. Servicios Legales De Mesoamerica S. De R.L.*, 699 F. Supp. 2d 1344, 1349 (S.D. Fla. 2010). Under 28 U.S.C. § 1335, federal jurisdiction over an interpleader action exists where (1) the stakeholder holds money or property valued at $500 or more; (2) two or more adverse claimants, of diverse citizenship, are claiming or may claim entitlement to that fund; and (3) the stakeholder has deposited the funds into the registry of the court or provided an appropriate bond. 28 U.S.C. § 1335(a). The Supreme Court has clarified that § 1335 requires only "minimal diversity," meaning that diversity need exist between any two adverse claimants, rather

than all parties to the action. *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967).

Once a court "decides that interpleader is available, it may issue an order discharging the stakeholder, if the stakeholder is disinterested." *Langkau*, 353 Fed. App'x at 248 (citing *United States v. High Tech. Prods., Inc.,* 497 F.3d 637, 641–42 (6th Cir. 2007)).

A. The Propriety of Interpleader

Again, under 28 U.S.C. § 1335, federal jurisdiction over an interpleader action exists where (1) the stakeholder holds money or property valued at $500 or more; (2) two or more adverse claimants, of diverse citizenship, are claiming or may claim entitlement to that fund; and (3) the stakeholder has deposited the funds into the registry of the court or provided an appropriate bond. 28 U.S.C. § 1335(a). As to the second prong, The Supreme Court has clarified that § 1335 requires only "minimal diversity," meaning that diversity need exist between any two adverse claimants, rather than all parties to the action. *Tashire*, 386 U.S. at 530.

Here, Universal Fire satisfies each of the jurisdictional requirements for statutory interpleader under 28 U.S.C. § 1335. First, the amount-in-controversy requirement is satisfied, because the surety bond at issue is worth $75,000, which exceeds the statutory minimum of $500. Doc. 351 ¶ 13. Second, there are two or more adverse claimants of diverse citizenship asserting claims

to the same fund. Specifically, Plaintiff identifies (1) Defendant Alexander, Winton & Associates, Inc. as a corporation duly organized under the laws of the State of Mississippi, with its principal place of business in Olive Branch, Mississippi, and (2) Defendant Bhattis Transport Inc. as a corporation duly organized under the laws of the State of Virginia, with its principal place of business in Fredericksburg, Virginia. Doc. 617 pp. 4–5; *see also* 28 U.S.C. § 1332(c)(1) ("A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ."). Both parties seek recovery from the $75,000 bond, rendering their claims adverse, because they compete for a single, limited fund. Doc. 351. Third, Universal Fire has deposited the $75,000 with the Court. Doc. 606.

Accordingly, the requirements for an interpleader action have been met.

B. Universal Fire's Disinterest

Finally, the party seeking interpleader must show that it is disinterested: in other words, "that he had incurred no independent liability to any claimant, such that he was indifferent as between" claimants. *Langkau*, 353 Fed. App'x at 248. In other words, an interpleader plaintiff is disinterested when it makes no claim to the property. *Orseck, P.A.*, 699 F. Supp. 2d at 1349.

Universal Fire qualifies as a disinterested stakeholder, as it asserts no claim to the bond proceeds and has deposited the full amount into the registry

of the Court. Doc. 617 pp. 7–8. Because interpleader is proper and because Plaintiff is a disinterested stakeholder, I recommend the District Court discharge Plaintiff from further liability.

C. The Section 2361 Injunction

Universal Fire asks that the Court "enjoin Defendants, their agents, attorneys, representatives, heirs, executors, assigns, and all persons claiming through or under them, from instituting or pursuing any state or federal court action for the recovery of the Penalty of the Bond and, upon final hearing, permanently enjoin and restrain Defendants, their agents, attorneys, representatives, heirs, executors, assigns, and all persons claiming through or under them, from instituting or pursuing any state or federal court action for the recovery of the Penalty of the Bond or relating in any way to Plaintiff's actions with respect to the handling of this claim," Doc. 617 pp. 8–9.

Under 28 U.S.C. § 2361, a court may enter an order restraining all claimants from instituting any other proceeding in any state or federal court affecting the property involved in an interpleader initiated pursuant to Section 1335. District courts have "extensive discretion under Section 2361 with respect to the issuance and scope of the order." *Star Insurance Co. v. Cedar Valley Express, LLC*, 273 F. Supp. 2d 38, 42 (D.D.C. 2002) (quoting 7 Wright and Miller, *Federal Practice and Procedure* § 1717). Nonetheless, the injunction should be tailored to serve the purpose of the federal interpleader

statute (i.e., protection of disinterested stakeholders), and should "extend only to litigation involving the fund that is the subject matter of the interpleader." *Vega v. T–Mobile USA, Inc.,* 564 F.3d 1256, 1264 (11th Cir. 2009). The Supreme Court has noted that injunctions in interpleader should cover stakeholders because "interpleader, in discharge of its office to protect the fund, should also protect the stakeholder from vexatious and multiple litigation." *Tashire,* 386 U.S. at 534.

Accordingly, an injunction protecting Universal Fire is appropriate here. The injunction proposed by Universal Fire, however, is overbroad, as it extends beyond this litigation to parties named as Defendants but who were never properly served. I recommend that the Court instead enjoin all claimants who have appeared in this action or against whom default was entered in this action from bringing any proceeding affecting, or determining rights to, the disputed funds at issue in this action.

D. Additional Relief

Finally, Universal Fire asks the Court to "grant such other further relief as Plaintiff may be entitled to in law or equity." Doc. 617 p. 9. Universal Fire does not, at this juncture, appear to be asking for an attorney's fee, as it acknowledges that such an ask would be made in a separate action against Tobico, the bond principal. Doc. 617 p. 8. Thus, I do not recommend the Court grant any additional relief.

## III.  Conclusion

Accordingly, I recommend that the Court GRANT Plaintiff's motion (Doc. 617), in part, by doing the following:

(1) discharging Plaintiff from further liability with respect to the interpleaded funds, and

(2) enjoining all claimants who have appeared in this action or against whom default was entered in this action from bringing any proceeding affecting, or determining rights to, the disputed funds at issue in this action.

I recommend that the Court otherwise DENY the motion.

Submitted for the District Court's consideration on April 30, 2026.

_____
NATALIE HIRT ADAMS
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from

the Report and Recommendation. See 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.