## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**UNIVERSAL FIRE & CASUALTY INSURANCE COMPANY**,

     Plaintiff,

v.

                                         Case No. 8:24-cv-00682-WFJ-NHA

**18 WHEEL FUNDING LLC, et al.**,

     Defendants.

_____/

### ORDER

Before the Court is Plaintiff UNIVERSAL FIRE & CASUALTY INSURANCE COMPANY's Renewed Motion for Discharge, Dkt. 617, and United States Magistrate Judge Adams' well-reasoned and thorough Report and Recommendation. Dkt. 618. No objections have been filed, and the time for filing objections has passed. The Court reviews the legal conclusions *de novo* in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010) (citation omitted); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

A district court must first determine that interpleader is available and that federal jurisdiction over such an action exists. *Ohio Nat'l Life Assurance Corp. v. Langkau*, 353 F. App'x 244, 248 (11th Cir. 2009). This requires a showing that: (1)

the stakeholder holds money or property valued at $500 or more; (2) two or more adverse claimants, of diverse citizenship, are claiming or may claim entitlement to that fund; and (3) the stakeholder has deposited the funds into the registry of the court or provided an appropriate bond. *See* 28 U.S.C. § 1335(a). Once a court "decides that interpleader is available, it may issue an order discharging the stakeholder, if the stakeholder is disinterested." *Ohio Nat'l Life Assurance Corp.*, 353 F. App'x at 248 (citing *United States v. High Tech. Prods., Inc.,* 497 F.3d 637, 641–42 (6th Cir. 2007)).

The Magistrate Judge concluded that statutory interpleader is proper under 28 U.S.C. § 1335 because the action concerns a $75,000 surety bond, there are two or more adverse claimants of diverse citizenship asserting competing claims to the fund, and Plaintiff deposited the disputed funds into the registry of the Court. Dkt. 618 at 4–5. The Magistrate Judge further found that Plaintiff is a disinterested stakeholder entitled to discharge from further liability. *Id.* at 5–6.

Plaintiff asks that the Court "enjoin Defendants, their agents, attorneys, representatives, heirs, executors, assigns, and all persons claiming through or under them, from instituting or pursuing any state or federal court action for the recovery of the Penalty of the Bond and, upon final hearing, permanently enjoin and restrain Defendants, their agents, attorneys, representatives, heirs, executors, assigns, and all persons claiming through or under them, from instituting or pursuing any state or federal court action for the recovery of the Penalty of the Bond or relating in any

way to Plaintiff's actions with respect to the handling of this claim," Dkt. 617 at 8–9. The Magistrate Judge instead recommends the entry of a narrowly tailored injunction under 28 U.S.C. § 2361 prohibiting appearing and defaulted claimants from pursuing separate proceedings affecting the disputed funds, while denying any broader or additional relief.

After conducting a careful and complete review of the well-reasoned and thorough Report and Recommendation, and noting that no objections have been filed, the Court agrees with the Magistrate Judge's analysis and conclusions. Accordingly, it is hereby **ORDERED** and **ADJUDGED:**

1. The Report and Recommendation of United States Magistrate Judge Adams, Dkt. 618, is **ADOPTED**, **CONFIRMED**, and **APPROVED** in all respects and made a part of this order.

2. Plaintiff UNIVERSAL FIRE & CASUALTY INSURANCE COMPANY's Renewed Motion for Discharge, Dkt. 617, is **GRANTED-IN-PART** as follows:

   a. Plaintiff UNIVERSAL FIRE & CASUALTY INSURANCE COMPANY is **DISCHARGED** from further liability with respect to the interpleaded funds; and

   b. All claimants who have appeared in this action or against whom default was entered in this action are **ENJOINED** from bringing any proceeding affecting, or determining rights to, the disputed funds at issue in this action.

3

3.      Plaintiff UNIVERSAL FIRE & CASUALTY INSURANCE COMPANY's Renewed Motion for Discharge, Dkt. 617, is otherwise **DENIED-IN-PART**.

**DONE AND ORDERED** in Tampa, Florida, on May 26, 2026.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record